



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

WALTER SMITH, individually and on :
behalf of all others similarly situated, :
 : Civil Action: _____
   Plaintiff, :
 : JURY TRIAL DEMANDED
 :
 v. :
 :
TWELFTH STREET HOTEL ASSOCIATES, d/b/a:
LOEWS PHILADELPHIA HOTEL :

---

### COLLECTIVE AND CLASS ACTION COMPLAINT

  Plaintiff Walter Smith ("Plaintiff"), by and through his undersigned attorneys, brings this

action individually and on behalf of all other persons similarly situated against Twelfth Street

Hotel Associates, d/b/a Loews Philadelphia Hotel ("Defendant") and alleges, upon personal

belief as to his own acts, and upon information and belief as the acts of others, as follows:

### NATURE OF THE ACTION

  1. Plaintiff brings this action to redress violations by Defendant of the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Pennsylvania Human

Relations Act ("PHRA"), 43 P.S. § 951, et seq. Further, Plaintiff brings this Complaint

contending that Defendant has improperly failed to pay him and all similarly situated employees

of Defendant overtime compensation pursuant to the requirements of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the Pennsylvania Minimum Wage Act ("PMWA"), and

the Pennsylvania Wage Payment and Collection Law ("WPCL").

  2. At all times material hereto, Plaintiff has been employed by Defendant as a Room

Attendant. Plaintiff has regularly worked more than forty (40) hours per week but has not been



properly compensated for his work in that Plaintiff has not been paid an overtime premium calculated at 1.5 times his regular rate of pay for each hour worked in excess of 40 hours in a work week, as required by the FLSA.

3.    Defendant has engaged in a long-term scheme of wage abuse against its Room Attendants, and others similarly situated, habitually deducting thirty (30) minutes of compensable pay from each shift worked, regardless of whether Plaintiff and all those similarly situated actually received an uninterrupted, thirty (30) minute break, resulting in unpaid wages and overtime compensation in violation of the FLSA, PMWA, & WPCL.

4.    Plaintiff brings this action on a representative basis seeking monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress to Defendant's willful, unlawful, and improper conduct. Plaintiff also brings this claim on an individual basis to address violation under the ADA and PHRA.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b). Additionally, this Court has original jurisdiction over Plaintiff's ADA claim, pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

6.    The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

7.    This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA and ADA claims.

2

8.      On or about December 21, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge Number 530-2018-01269C. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

9.      By correspondence dated March 26, 2018, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against the Defendant.

10.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

11.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

12.     Plaintiff currently resides at 7959 Langdon Street, Apartment 2, Philadelphia, Pennsylvania 19111, and was an employee of Defendant.

13.     Defendant is a "private employer" and covered by the FLSA.

14.     Upon information and belief, Defendant Twelfth Street Hotel Associates d/b/a Loews Philadelphia Hotel is a for-profit business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is registered and licensed to engage in business, and is engaged in business, in the Eastern District of Pennsylvania, and the Commonwealth of Pennsylvania, with a principal place of business located in the Eastern District of Pennsylvania,

3

and in the Commonwealth of Pennsylvania, at 1200 Market Street, Philadelphia, Pennsylvania
19107.

15.     Plaintiff has been employed by Defendant during all relevant times hereto and as
such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Paragraphs 1 through 15 are hereby incorporated as though same were more fully
set forth at length herein.

17.     This action is brought as a collective action to recover unpaid compensation and
overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and
damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

18.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action
individually and on behalf of all other similarly situated persons presently or formerly employed
by Defendant in the position of Room Attendant, or in positions with similar job duties who were
similarly subject to Defendant's unlawful meal break policy who worked for Defendant any
point in the three (3) years preceding the date the instant action was initiated (the members of the
putative class are hereinafter referred to as the "Class Plaintiffs").

19.     In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff and
similarly situated employees compensation and/or overtime compensation for all hours worked
over forty (40) in a week.

20.     In violation of the FLSA, Defendant also failed to accurately track, record, and
report the hours worked by Plaintiff and similarly situated employees.  This policy and practice

4

of Defendant is unequivocal evidence of Defendant's willful and improper failure to follow the provisions of the FLSA.

21.     In violation of the FLSA, Defendant failed to pay Plaintiff and similarly situated employees for work performed during unpaid meal breaks.

22.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

23.     Paragraphs 1 through 22 are hereby incorporated by reference as though the same were more fully set forth at length herein.

24.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rule of Civil Procedure:

> All persons presently or formerly employed by Defendant Twelfth Street Hotel Associates d/b/a Loews Philadelphia Hotel during the last three (3) years in the position of Room Specialist, or in positions with similar job duties, who were subject to Defendant's unpaid meal break policy and denied overtime compensation for work performed in excess of 40 hours in a work week.

25.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

5

26.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

a.     Whether Defendant failed to properly compensate Plaintiff and Class Plaintiffs for all hours worked;

b.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

c.     Whether Plaintiff and the Class worked in excess of 40 hours per week;

d.     Whether Defendant required Plaintiff and the Class to work in excess of forty (40) hours per week;

e.     Whether Plaintiff and the Class have suffered and are entitled to damages, and, if so, in what amount;

f.     Whether Defendant engaged in a pattern and/or practice of not accurately tracking or recording all hours Plaintiff and the Class worked;

g.     Whether Defendant has refused to accept Plaintiff and the Class' reports that they were not receiving compensation for work performed during interrupted meal periods;

h.     Whether Defendant threatened Plaintiff and the Class for reporting and requesting compensation for work performed during unpaid meal periods;

i.     Whether Defendant failed to provide uninterrupted meal periods as required by Defendant's written policies, practices, and agreements;

j.     Whether Defendant failed to compensate Plaintiff and the Class for interrupted meal periods;

6

k.     Whether Defendant failed to pay Plaintiff and the Class wages and overtime wages in the period when said wages became due and owing in violation of the WPCL; and

l.     Whether Plaintiff and the Class are entitled to liquidated damages under the WPCL.

27.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and sufficient adjudication of this controversy. The Class is readily identifiable from Defendant's payroll records.

28.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant.

29.     A class action is superior over other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Additionally, the amounts at stake for each of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

30.     Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue in its flagrantly abusive course of action, which will result in further damages

7

to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

31.     Plaintiff is unaware of any other litigation commenced by Class members involving the same exact issues as this case.

### FACTS COMMON TO ALL COLLECTIVE/CLASS CLAIMS

32.     Paragraphs 1 through 31 are hereby incorporated by reference as though the same were more fully set forth at length herein.

33.     Plaintiff was employed by Defendant in the position of Room Attendant from approximately January 2017 until on or about May 17, 2017.

34.     Upon information and belief, Defendant employs or has employed in excess of twenty (20) other individuals in the position of Room Attendant.  Further, Defendant employs several additional individuals that were or are similarly subject to Defendant's unlawful pay practices described herein.

35.     Plaintiff's and Class Plaintiffs' job duties predominantly include cleaning hotel rooms and hotel common areas.

36.     Plaintiff routinely worked in excess of forty (40) hours per week.  In fact, Plaintiff would, on average, work over forty-five (45) hours per week.

37.     By way of example, in a two (2) week pay period beginning April 3, 2017 and ending on April 14, 2017 Plaintiff worked a totally of one hundred and six and three fourths (106.75) hours, which is the approximate number of hours that Plaintiff regularly works. However, despite working at least three (3) over-time hours during his lunch in that bi-weekly

8

period, Plaintiff did not receive any overtime compensation for the hours he worked during the automated lunch break in a workweek.

38.     Class Plaintiffs routinely worked in excess of forty (40) hours per week.   In fact, Class Plaintiffs would routinely work at least forty-one and one half (41.5) hours per week.

39     Despite the fact that Plaintiff's and Class Plaintiffs worked in excess of 40 hours per week, Plaintiff and Class Plaintiffs did not receive overtime compensation for work performed in excess of 40 hours per week during their lunch break.

40.     In violation of the provisions of the FLSA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff and Class Plaintiffs.

41.     During their scheduled shifts, Plaintiff and Class Plaintiffs, in accordance with Defendant's policies and practices, are supposed to receive an unpaid meal break. It is Defendant's policy and practice to automatically deduct thirty (30) minutes of compensation from each hourly employee during each scheduled shift. Plaintiff and Class Plaintiffs, however, do not receive an uninterrupted thirty (30) minute meal break during every shift worked, and routinely perform work during their meal periods on a near-daily basis. This policy and practice is further proof and evidence of Defendant's willful and unlawful practice of not paying Plaintiff and Class Plaintiff for all hours worked and of Defendant's failure to follow the provisions of the FLSA.

42.     As a result of the aforementioned policies and practices of Defendant, Plaintiff and Class Plaintiffs are denied, on a near-daily basis, pay, compensation, and/or overtime compensation for, at a minimum, thirty (30) minutes of compensable work performed.

9

43.     The aforementioned policies and practices of Defendant violate the FLSA, and as a result, Plaintiff and Class Plaintiffs have suffered loss of wages, compensation, and/or overtime compensation.

44.     Defendant knew or showed reckless disregard in its failure to track and record the hours actually worked by Plaintiff and Class Plaintiffs, and in its failure to properly compensate Plaintiff and Class Plaintiffs for all wages, compensation, and overtime pay, in violation of the FLSA.

45.     Accordingly, Plaintiff and Class Plaintiffs were/are, within the meaning of the FLSA, non-exempt employees of Defendant.

46.     Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a work week during their automated lunch break.

As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages

47.     Defendant failed to maintain accurate records for each employee for hours actually worked, as required by law. See C.F.R. § 516.2(a)(7)

## FACTS PERTAINING TO PLAINTIFF'S INDIVIDUAL ADA AND PHRA CLAIM

48.     Plaintiff was hired by Defendant in on around January, 2017 as a Room Attendant.

49.     During Plaintiff's employment he never received any meaningful discipline or negative performance reviews.

50.     In or around 2014, Plaintiff was in a car accident where he sustained injuries.

51.     Plaintiff suffered a broken shoulder, a collapsed lung and bleeding in his brain.

10

52.     When Plaintiff was hired by Defendant, he immediately notified them of the disabilities associated with his previous car accident.

53.     Carol (last name unknown) ("Carol LNU"), Defendant's Assistant Director acknowledged that Plaintiff discussed this disability with her by stating "got it."

54.     No one in Defendant's employ spoke to Plaintiff about his disabilities during training or at any other meaningful time leading up to his start date.

55.     On or around May 8, 2017, Plaintiff turned in a doctors note to Defendant requesting certain light duty accommodations due to his disability.

56.     Plaintiff's light duty restrictions included no pushing or lifting beds to clean.

57.     After Plaintiff turned in his doctors note to Carol LNU, she stated "well you can't work then."

58.     However, it is upon knowledge and belief that three (3) other Room Attendants were on light duty at this time.

59.     Thereafter, Plaintiff was put on light duty where he vacuumed floors and dusted.

60.     While working on light duty, Plaintiff began to notice that the Managers were acting cold towards him and were creating a tense working environment.

61.     After requesting and being put on light duty, Plaintiff received Defendant's accommodation paperwork.

62.     As such, Plaintiff's doctor filled out said paperwork, which included his doctors anticipated return to full duty.

63.     On or around May 16, 2017, Plaintiff turned in Defendant's accommodation paperwork to Diane (last name unknown) ("Diane LNU") in Human Resources.

11

64. On or about May 17, 2017, Plaintiff was called into Human Resources for a meeting with a Manager and Human Resources Personnel, where he was told that Defendant could no longer accommodate him and that he was terminated. As a result, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, et seq.
## FAILURE TO PAY OVERTIME COMPENSATION

65. Paragraphs 1 through 64 are hereby incorporated by reference as though same were fully set forth at length herein.

66. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

67. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of (40) forty hours per week.

68. According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs were required to work in excess of forty (40) hours per week. Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of forty (40) hours per week during their automated lunch breaks, in violation of the FLSA.

69. Defendant failed to pay Plaintiff and Class Plaintiffs for all hours worked during their unpaid meal breaks.

70. The foregoing actions of Defendant violate the FLSA.

71. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

12

72.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years, compensated on an hourly basis, who were also subject to Defendant's unlawful pay practices, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid compensation and/or overtime pay as required by the FLSA;

C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff and Class Plaintiffs for compensable hours in excess of (40) forty hours per week and for all hours worked;

E.     Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

13

F.     Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the
FLSA;

G.     Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be
paid by Defendant, in accordance with the FLSA;

H.     Awarding pre and post-judgment interest and court costs as further allowed by
law;

I.     Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by
motion, the filing of written opt-in consent forms, or any other method approved by the Court;
and

J.     For all additional general and equitable relief to which Plaintiff and the Class may
be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333 et seq.

73.     Paragraphs 1 through 72 are hereby incorporated by reference as though same
were fully set forth at length herein.

74.     The Pennsylvania Minimum Wage Act provides that employers must pay certain
"minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

75.     The Pennsylvania Minimum Wage Act further provides that "employees shall be
paid for overtime not less than one and one-half times the employee's regular rate" for hours
worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

76.     By its actions alleged above, Defendant has violated the provisions of the
Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and
for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

14

77.     As a result of Defendant's unlawful acts, Plaintiff and the Class Plaintiffs have been deprived of overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B.     An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.     An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## WAGE PAGEMENT AND COLLECTION LAW
### 43 P.S. § 260.1, et seq.

78.     Paragraphs 1 through 77 are hereby incorporated by reference as though same were fully set forth at length herein.

79.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, by failing to pay certain wages and benefits earned, due and owing to Plaintiff and the Class pursuant to Defendant's written policies, practices and agreements with Plaintiff and the Class.

15

80.     Plaintiff and the Class are entitled to compensation for the meal periods that

Defendant either failed to provide or failed to compensate Plaintiff and the Class for when their

meal periods were interrupted and they were required to perform work. Plaintiff and the Class

were not paid for the time worked on their regular paydays.

81.     As a result of Defendant's unlawful acts, Plaintiff and the Class have been

deprived of compensation in amounts to be determinate at trial, and are entitled to recovery of

such amounts, and liquidated damages, together with costs and attorney's fees pursuant to the

Wage Payment and Collection Law, 43 P.S. §§260.9a, 260.10.

**WHEREFORE,** Plaintiff prays for relief on behalf of himself and the Class to the fullest

extent permitted by law including, but not limited to, the award of any and all damages Plaintiff

and the Class are entitled to under applicable law.

## COUNT IV
## THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C § 12101, *ET SEQ.*
### DISCRIMINATION AND RETALIATION

82.     Paragraphs 1 through 81 are hereby incorporated by reference as though the same

were more fully set forth at length herein.

83.     At all times relevant hereto, Plaintiff was an employee within the meaning of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

84.     Pursuant to the ADA, Plaintiff is a qualified individual with one or more

disabilities.

85.     Plaintiff's injuries including but not limited to bleeding in his brain, a collapsed

lung and a broken shoulder substantially limits his ability to engage in major life activities.

86.     Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being

disabled.

16

87.     Despite his disability, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

88.     By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining reasonable accommodations for Plaintiff, and by terminating Plaintiff's employment because of his actual and/or perceived disability and request for reasonable accommodations in connection thereto.

89.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances;

17

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT V
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

90.     Paragraphs 1 through 89 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

91.     Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to his injuries because these condition substantially limits his ability to perform major life activities.

92.     Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation.

93.     It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his actual and/or perceived disabilities and in retaliation for his requests for a reasonable accommodation.

94.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

95.     The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

18

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:_____
       Michael Murphy, Esquire

19

Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated:   June 6, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.